UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEE GODFREY and YUN JAE CHUNG,

    Plaintiffs,

v.

EXECUTIVE RISK INDEMNITY INC.,

    Defendant.

: Civil Action No.: 1:20-cv-07230

**CONFIDENTIALITY AND PROTECTIVE ORDER ON CONSENT**

---

**WHEREAS**, this action may involve the production and/or disclosure of information, documents, or other materials that a party or producing non-party in good faith considers confidential, proprietary, or not otherwise publicly available, including information that constitutes attorney work product and/or information protected by the attorney-client privilege; and

**WHEREAS**, good cause exists for the entry of this Confidentiality and Protective Order;

**THEREFORE**, on this 3 day of June, 2021 IT IS HEREBY **ORDERED** that all parties in this action, and their employees, agents, administrators, attorneys, and representatives (the "Parties") shall comply with the terms and procedures set forth herein with respect to Confidential Information (as defined herein) produced or disclosed in connection with this action:

1

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-3-2021

5889025-1

1. **Definition of Confidential Information**

(a) For purposes of this Order, "Confidential Information" means all information, documents, or other material (collectively, "Information") produced, provided, supplied or disclosed in the above-captioned action (the "Litigation") that a Party or a producing non-party in good faith considers confidential, proprietary, or not otherwise publicly available, including, without limitation, Information that constitutes attorney work product, Information protected by the attorney-client privilege, or other confidential research, development, commercial, sensitive, or proprietary information.

(b) Confidential Information includes all Information identified in any fashion by any Party, non-party, their counsel, or other representative as "Confidential" and produced, provided, supplied, or disclosed in this Litigation, including, without limitation, in response to written discovery requests, requests for production, subpoenas or deposition notices, at depositions, or in response to any other discovery requests.

2. **Use of Confidential Information**

(a) Confidential Information shall be used by a Party or a person or entity to whom disclosure of Confidential Information is authorized hereunder only for purposes necessary to the Litigation or as expressly set forth in Section 5 herein.

3. **Designation of Confidential Information**

(a) Information that a producing Party or non-party deems to contain or constitute Confidential Information shall be marked or identified as "Confidential" on all copies thereof, or, if necessary for material which cannot be conveniently designated in this matter (such as models or electronic files), by separate written statement, by file name, and/or by so labeling the media on which those materials are produced.

(b) Information produced by a Party or non-party, but not designated as Confidential Information by the producing party, may be designated as Confidential Information by any other Party by way of written notification to all Parties that such Information is "Confidential." The Parties must treat such Information as Confidential Information from the date such notice is received. Disclosure of such Information prior to receipt of such notice is not a violation of this Order, but any Party who disclosed the Information prior to receipt of such notice shall:

    i. request that the person or entity to whom it made disclosure immediately return the Confidential Information, and if applicable, permanently delete any record thereof, if said person or entity is not authorized hereunder to receive Confidential Information; and

3

    ii.    inform the person or entity to whom disclosure was made that the Information now designated as Confidential Information must be treated as such in accordance with this Order if said person or entity is authorized hereunder to receive Confidential Information.

(c) A Party or non-party may designate Information disclosed at a deposition upon oral examination as Confidential Information by:

    i.    specifying on the record at the deposition that the Party or non-party's Confidential Information is being disclosed, in which case the court reporter shall separate the portion of the deposition transcript designated as "Confidential Information" from the balance of the deposition transcript and mark the cover page of the separate section of the deposition transcript with the following: "Confidential Information Pursuant to Confidentiality and Protective Order"; or

    ii.    giving written notice to the Parties of the pages of the deposition transcript containing Confidential Information within 30 days after receiving the deposition transcript.

(d) All deposition testimony shall be treated as Confidential Information until 45 days after the date the court reporter circulates the deposition transcript to all Parties who, at the time of the deposition, requested a copy of the deposition transcript, after which time the deposition testimony shall no longer be treated as Confidential Information unless it was designated as such pursuant to this Section or subsequently is designated as such pursuant to Section 4, below.

4. **Inadvertent Production of Confidential Information and Subsequent Designation**

(a) Failure to designate Information as Confidential Information at the time of its initial production or disclosure shall not constitute a waiver of any claim by a Party that such Information is Confidential Information.

(b) A Party who did not designate Information as Confidential Information at the time of its production or disclosure may, by written notice to all other Parties at any time thereafter, designate such Information as Confidential Information. A Party who so designates such Information as Confidential Information after its initial production or disclosure shall provide the receiving Parties additional copies of any such Information it is newly designating as Confidential Information with the appropriate "Confidential" designation.

(c) Disclosure of such Information prior to receipt of such notice is not a violation of this Order, but any Party who disclosed the Information prior to receipt of such notice shall:

    i.    request that the person or entity to whom it made disclosure immediately return the Confidential Information, and if applicable, permanently delete any record thereof, if said person or entity is not authorized hereunder to receive Confidential Information; and

    ii.    inform the person or entity to whom disclosure was made that the Information now designated as Confidential Information must be treated as such in accordance with this Order if said person or entity is authorized hereunder to receive Confidential Information.

5. **Authorized Disclosure of Confidential Information**

(a) Confidential Information shall not be disclosed to any person or entity other than the following:

    i.    To counsel retained or employed by the Parties and their respective employees, contract attorneys, and administrative support personnel (including those persons and firms engaged in the copying or organization or conversion of documents from or to

        electronic media) retained by counsel for purposes necessary to this Litigation;

ii. To the Parties, and their respective directors, officers, employees, agents, and administrators who would have access to such information in the normal course of their employment or activities on behalf of a Party or to whom a Party deems it necessary to disclose Confidential Information for purposes necessary to this Litigation;

iii. To experts, consultants, and investigators retained by any Party or Parties in connection with this Litigation;

iv. To any court reporter, typist, or videographer rendering services in this Litigation;

v. To any potential witness, and persons called to testify at any deposition, hearing, or trial in this Litigation;

vi. To the court, jury, and court staff during any trial or appeal or any hearing conducted in connection with this Litigation;

vii. To any insurer, reinsurer, retrocessionaire, auditor, regulator, or other entity or person, including any governmental regulatory body, to whom any Party or its counsel is contractually or

5889025-1

     legally obligated to make such disclosure to fulfill contractual or legal obligations;

viii. To any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services retained by two or more Parties in connection with this Litigation;

ix. To any contractors, or employees of contractors, who are retained by a Party or Parties and involved in organizing, filing, duplicating, coding, converting, storing or retrieving data, or designing programs for handling data in connection with this Litigation, including the performance of such activities relating to a computerized litigation support system;

x. Pursuant to court order for any purpose; or

xi. To any person or entity agreed to in writing by the Parties for the purposes expressed in such writing.

(b) Except for persons listed in subsection (a)(vi), above, all other persons or entities who receive Confidential Information pursuant to this Section 5 shall be informed of the terms of this Order and instructed that they are bound by the terms of this Order.

(c) If any Party or its counsel is made aware of a motion, order, subpoena, deposition notice, or any other request

8

(collectively, "Request") in any action or proceeding other than this Litigation seeking disclosure of Confidential Information, counsel for such Party shall notify counsel for the Party whose Confidential Information is the subject of such Request as soon as reasonably practicable, but in no event later than five business days after the Party or counsel for such Party becomes aware of any such Request.

6. **Non-Waiver of Privilege and Inadvertent Production of Privileged Information**

(a) The inadvertent production of Information to the parties in this case otherwise subject to the attorney-client privilege, attorney work product protection, settlement communication privilege, common interest protections, or any other applicable privileges or protections from discovery shall not be deemed to be a waiver of any such privilege or protection.

(b) If a Party determines that privileged or protected Information was inadvertently produced, it shall promptly give written notice to all Parties and request the immediate return, sequester, or destruction of the inadvertently produced Information and all copies thereof. Written notice under this subsection shall be given as soon as practicable after a Party determines that privileged or protected Information was inadvertently produced, but no later than 14 days after such Information is first included on a trial exhibit list submitted to

the Court. In the event a Party seeks to use at trial inadvertently-produced privileged or protected Information not previously included on a trial exhibit list, then the Party asserting that such privileged or protected Information was inadvertently produced shall raise an objection to the use of such Information at the first opportunity or such objection shall be waived.

(c) Subject to subsection (d), below, within 10 business days of a Party's receipt of notice under subsection (b), above, all original and duplicate copies of the Information inadvertently produced shall be returned, sequestered, or destroyed, and written confirmation shall be provided to the producing Party that all versions of the inadvertently produced Information in the possession, custody or control have either been returned, sequestered, or destroyed. Any Party that disclosed such Information before being notified must take reasonable steps to retrieve the information.

(d) If a Party to whom any such Information was produced does not agree the Information is subject to a privilege or protection from discovery, the Party shall notify the producing Party in writing within 21 days of receipt of a request for their return under subsection (b), above, but must still comply fully with subsection (c), above. If the Parties are unable to resolve the disagreement after a good faith effort to do so, the Party

10

challenging the privilege or protection claim may move for an order compelling the production of such Information. Upon the filing of any such motion, the Party asserting the privilege or protection of such Information shall promptly present the documents in connection with such motion to the Court under seal for an *in camera* determination of the claim. No Party may use or disclose the inadvertently produced information unless and until the Parties come to an agreement after a good faith effort or the Court rules that the inadvertently produced information is not privileged or otherwise protected from discovery.

(e) If the claim that Information subject to a privilege or protection from discovery was inadvertently produced is made by a Party during a deposition, upon request of any Party, questioning on any such Information shall immediately cease, provided that any other Party shall have the right to continue the deposition to question the witness about the Information at a later date if the Parties or the Court later determine that the Information in question is not subject to any privilege or protection.

(f) This Order does not prevent the Parties from asserting that any claimed privilege or protection does not exist or is inapplicable with respect to any Information.

7. **No Evidentiary Effect of Confidential Information Designation**

(a) The designation, or lack thereof, of Information as Confidential Information shall have no evidentiary force or effect in this case. The Parties agree and acknowledge that this Order does not expand, diminish or eliminate the right of any Party to seek discovery of and/or to object to the production of any Information for any reason including, but not limited to, because such Information constitutes or contains Confidential Information.

(b) The Parties further agree that nothing herein shall preclude a Party who designated Information as Confidential Information from objecting to any use in the Litigation of any such Confidential Information by any other Party.

8. **Challenges to Designation of Confidential Information**

(a) The designation of Information as Confidential Information is intended solely to facilitate discovery in the Litigation. Neither such designation nor the treatment of any such designated Information in conformity with this Order is or shall be construed as an admission or agreement by any Party that the designated Information contains or constitutes Confidential Information as defined in Section 1, above.

(b) The designation of Information as Confidential Information is subject to challenge. The following procedures shall apply to any such challenge:

12

i.  A Party who contends that Information designated as Confidential Information is not Confidential Information as defined in Section 1, above, shall give written notice to the Party who made the designation of the specific basis for the challenge. Within 15 days of the designating Party's receipt of the written notice, the interested Parties shall meet and confer to determine if the dispute can be resolved without judicial intervention. If the dispute is not resolved, the Party challenging the designation shall have 21 days after the date of the conclusion of meet and confer efforts to move the Court for an order removing the Confidential designation. The Party who designated the Information as Confidential Information shall bear the burden of proving that the Information is Confidential Information as defined in Section 1, above.

ii. Notwithstanding any challenge under subsection (b)(i), above, to the designation of Information as Confidential Information, all Information designated as Confidential Information shall continue to be treated as such and be subject to the full protection of this Order unless and until

13

one of the following occurs: either the Party who designated the Information as Confidential Information withdraws such designation in writing, or the Court rules that the Information should no longer be designated as Confidential Information.

(c) Challenges to the designation of Information as Confidential Information may be made at any time and are not waived by the failure to raise the challenge at the time of initial designation.

(d) Notwithstanding the above, no Party shall use anything in this Order as the basis for any argument to expand or modify any order of the Court in this Litigation regarding the discoverability of Information that any Party objected to as confidential, proprietary, irrelevant, non-responsive or privileged and/or limit the Parties' ability to challenge or appeal any such order.

9. **Filing Documents Containing Confidential Information**

(a) If a Party wishes to serve or file with the Court in this Litigation any document to which Confidential Information is appended or in which Confidential Information is contained or described, the Parties agree that any such documents shall be redacted and/or filed under seal so as not to disclose any Confidential Information. The Party wishing to serve or file such Confidential Information (the "Offering Party") shall only do so

14

pursuant to and subject to an Order, made on Motion, or Letter Motion pursuant to Section VI of Judge Koeltl's Individual Practices, with any and all Confidential Information appropriately redacted and/or sealed.

(b) The Offering Party shall mark on each page of each such document "Confidential Information" or "Confidential."

(c) Nothing in this Order shall preclude a Party from using Confidential Information in any appeals of the Litigation. To the extent a Party wishes to protect Confidential Information in an appellate court, it shall make the appropriate application to that court. No Party shall use Confidential Information in any appeals until 30 days after the filing of a notice of appeal, motion for leave to appeal, or other document initiating such appeal absent an order from a court directing otherwise.

**10. No Waiver of Judicial Protection**

Nothing herein shall prevent any Party from applying to the Court for protection from discovery requested of its Information and/or from seeking additional protection from the Court with respect to its Information.

**11. Treatment of Confidential Information upon Conclusion of Litigation**

(a) The protections provided to Confidential Information under this Order will not terminate upon conclusion of the Litigation and will survive and continue unless otherwise agreed

15

5889025-1

to in writing by the Party who designated the Information as Confidential Information.

(b) Upon the conclusion of this Litigation, including any appeals, counsel of record in this Litigation may maintain copies of any Confidential Information. However, all Confidential Information retained by counsel shall continue to be treated as Confidential in accordance with the terms of this Order.

## 12. Persons and Parties Bound by This Order

It is the intent of the Parties executing this Order that all Parties to this Litigation, as well as any other person or entity listed in Section 5, above, to whom Confidential Information was disclosed, will be bound by this Order.

## 13. Miscellaneous

(a) This Order is without prejudice to the right of any Party or other person to challenge the propriety of discovery on other grounds or to assert a claim of privilege pursuant to the attorney-client privilege, work product doctrine, or any other applicable privilege or rule. Nothing contained in this Protective Order shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidential matter.

(b) Nothing contained herein precludes any of the Parties from seeking other and further relief as the Court may deem appropriate.

(c)   A copy of this Order shall be deemed served upon all counsel upon e-filing.

_____
Hon. John G. Koeltl, U.S.D.J.

6/3/21

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

So ordered.

_____
U.S.D.J.

6/3/21

5889025-1

I hereby consent to the form and entry of the foregoing Confidentiality and Protective Order on Consent.

By: /s/ Trishé L. A. Hynes
_____
Trishé L. A. Hynes, Esq.
Russo & Gould, LLP
Attorneys for Plaintiffs,
Lee Godfrey and Yun Jae Chung

By: /s/ Neil V. Mody
_____
Neil V. Mody, Esq.
Connell Foley LLP
Attorneys for Defendant,
Executive Risk Indemnity Inc.