UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

LEE GODFREY AND YUN JAE CHUNG,

                    Plaintiffs,                    20-cv-7230 (JGK)

          - against -                              MEMORANDUM OPINION
                                                   AND ORDER

EXECUTIVE RISK INDEMNITY INC.,

                    Defendant.
─────────────────────────────────

JOHN G. KOELTL, District Judge:

     The plaintiffs, Lee Godfrey and Yun Jae Chung, brought this

insurance coverage action against the defendant, Executive Risk

Indemnity Inc., seeking a declaratory judgment that the

defendant has a duty to indemnify the plaintiffs for any damages

that may be assessed against the plaintiffs in Zale Contracting

Inc. v. Lee Godfrey and Yun Jae Chung, Index No. 652584/2019

(N.Y. Sup. Ct.) (the "Underlying Action").[1] The plaintiffs also

assert a breach of contract claim against the defendant with

respect to the homeowner insurance policy at issue, Executive

Risk Policy 13298330-06, ECF No. 26-3 (the "Policy"). The

plaintiffs claim that the defendant violated its duty to defend

and indemnify the plaintiffs in the Underlying Action.[2]

───────────────────

[1] The defendant states that the Underlying Action is "pending" and that
discovery in the Underlying Action "remains ongoing." ECF No. 26, at 3; ECF
No. 27 ¶ 22. However, Zale's complaint was dismissed by an order dated
October 13, 2021, ECF No. 26-11, and the state court docket lists the status
of the Underlying Action as "disposed." In any event, the status of the
Underlying Action does not affect the motions before the Court.
[2] The plaintiffs also asserted a claim for bad faith, but that claim was
voluntarily dismissed with prejudice. See ECF No. 12.

The defendant has moved for summary judgment, and the plaintiffs have brought a cross-motion for summary judgment. For the reasons explained below, the defendant's motion is **granted** and the plaintiffs' motion is **denied.**

### I.

### A.

The plaintiffs filed this action in New York State Supreme Court, New York County on July 6, 2020. See ECF No. 2-1 (Complaint). The defendant removed this action to this Court on September 3, 2020. See ECF No. 2 (Notice of Removal). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the plaintiffs are citizens of New York, the defendant is a citizen of Delaware and New Jersey, and the amount in controversy exceeds $75,000, exclusive of interest and costs. See id. at 3-4.

### B.

This action and the Underlying Action arise out of the renovation of the plaintiffs' Manhattan apartment. In April 2016, the plaintiffs contracted with Zale Contracting Inc. ("Zale") to renovate their apartment. Plaintiffs' Rule 56.1 Statement, ECF No. 29-1 ¶ 9. In the Underlying Action, Zale alleges that, on March 5, 2017, the sprinkler system in the plaintiffs' apartment failed, causing extensive damage to the plaintiffs' apartment. Defendant's Rule 56.1 Statement, ECF No.

27 ¶ 3. Zale further alleges that, at the time of the alleged
sprinkler failure, "a majority of the work that [Zale] had been
hired to perform had been completed. The failure of the
sprinkler system set the job back by a considerable margin and
caused [Zale] to engage in additional work to perform under all
terms of the contract with [the plaintiffs]." Id. ¶ 4.

Zale alleges that, with the plaintiffs' "knowledge and
approval," Zale repaired the damage caused by the sprinkler
failure in order to complete its own work. Id. ¶¶ 5-6. Zale
alleges that the cost of removing water-damaged materials while
purchasing and installing new materials resulted in additional
costs of $280,456. Id. ¶ 7. Zale alleges that the plaintiffs
"have failed and refused to pay any portion of the $280,456.00,
to the detriment of [Zale] and resulting in unjust enrichment
benefiting [the plaintiffs]." Id. ¶ 8.

After Zale filed the Underlying Action in May 2019, the
plaintiffs tendered their defense to the defendant. Id. ¶ 17.
The defendant initially assigned defense counsel to represent
the plaintiffs. However, after that counsel filed an answer on
behalf of the plaintiffs in the Underlying Action, but before a
preliminary conference had taken place, the defendant notified
the plaintiffs of the defendant's belief that the Underlying
Action did not trigger coverage under the Policy because Zale
alleged only "unjust enrichment" and not "personal injury" or

"property damage" as required by the Policy. See id. ¶¶ 18–19.

The plaintiffs then retained their own counsel in the Underlying

Action. Id. ¶ 21. On October 13, 2021, the state court dismissed

Zale's complaint for failure to appear at a deposition. Id. ¶

22.

C.

The defendant issued the Policy to the plaintiffs for the

period May 16, 2016 to May 16, 2017. Id. ¶ 9. The Policy

contains several parts. The insuring agreement of the New York

Personal Liability Coverage Part of the Policy provides: "We

cover damages a covered person is legally obligated to pay for

personal injury or property damage which take place anytime

during the policy period and are caused by an occurrence, unless

stated otherwise or an exclusion applies." Policy, at T-1.[3] The

Policy defines "personal injury" as follows:

> "Personal injury" means the following injuries, and
> resulting death:
> - bodily injury;
> - shock, mental anguish, or mental injury;
> - false arrest, false imprisonment, or wrongful
>   detention;
> - wrongful entry or eviction;
> - malicious prosecution or humiliation; and
> - libel, slander, defamation of character, or
>   invasion of privacy.

---

[3] Within the Policy, the New York Personal Liability Coverage Part and the New
Jersey Personal Liability Coverage Part both use the "T-__" page-numbering
convention. In this Memorandum Opinion and Order, all references to "T-__"
page numbers refer to the New York Personal Liability Coverage Part. The New
Jersey Personal Liability Coverage Part is not at issue in this case.

4

Id. The Policy defines "property damage" as: "physical injury to or destruction of tangible property, and the resulting loss of its use. Tangible property includes the cost of recreating or replacing stocks, bonds, deeds, mortgages, bank deposits, and similar instruments, but does not include the value represented by such instruments." Id. at T-2.

The Policy's "Damages to covered person's property" exclusion provides: "We do not cover any person for property damage to property owned by any covered person." Id. at T-13. The Policy defines "covered persons" as, among other people, the plaintiffs. Id. at T-1.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the materials in the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).[4] At the summary judgment stage, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. See

---

[4] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
587 (1986). "Only disputes over facts that might affect the
outcome of the suit under the governing law will properly
preclude the entry of summary judgment." Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986). The parties agree that
the substantive law of New York governs this action.

### III.

Under New York law, "[a]n insured has the burden of proving
that the provisions of a policy provide coverage." Chase
Manhattan Bank, N.A. v. Travelers Grp., Inc., 702 N.Y.S.2d 60,
61 (App. Div. 2000). "An insurer's duty to defend is broader
that its duty to indemnify and is determined by comparing the
factual allegations of the underlying complaint to the policy
language. The insurer must defend if the facts alleged raise a
reasonable possibility that the action will be within the policy
coverage." Accessories Biz, Inc. v. Linda and Jay Keane, Inc.,
533 F. Supp. 2d 381, 386 (S.D.N.Y. 2008) (applying New York
law). "If, liberally construed, the claim is within the embrace
of the policy, the insurer must come forward to defend its
insured no matter how groundless, false or baseless the suit may
be." Automobile Ins. Co. of Hartford v. Cook, 850 N.E.2d 1152,
1155 (N.Y. 2006). The insurer "has no obligation to defend only
if it can be concluded as a matter of law that there is no
possible factual or legal basis on which the [insurer] might

eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policies." Brooklyn Ctr. for Psychotherapy, Inc. v. Phila. Indem. Ins. Co., 955 F.3d 305, 310 (2d Cir. 2020).

"Insurance policies are contracts to which the ordinary rules of contractual interpretation apply. The court must afford the unambiguous provisions of the policy their plain and ordinary meaning." Accessories Biz, 533 F. Supp. 2d at 386. "[P]rovisions of an insurance policy are to be harmonized and . . . ambiguities must be resolved in favor of the insured." Hudson v. Allstate Ins. Co., 809 N.Y.S.2d 124, 126 (App. Div. 2006).

**A.**

Liability insurance policies providing coverage for bodily injury and property damage generally do not afford coverage for breach of contract claims. See Mid-Hudson Castle, Ltd. v. P.J. Exteriors, Inc., 738 N.Y.S.2d 96, 97–98 (App. Div. 2002) (breach of contract claims stemming from allegedly defective roof replacement did not trigger coverage for bodily injury or property damage). Unjust enrichment is a quasi-contract theory of recovery. See Agerbrink v. Model Service LLC, 155 F. Supp. 3d 448, 458–59 (S.D.N.Y. 2016). Accordingly, at least one court applying New York law has concluded that policies covering bodily injury and property damage do not cover claims alleging

unjust enrichment. See J.W. Mays, Inc. v. Liberty Mut. Ins. Co.,

61 N.Y.S.3d 144, 145-46 (App. Div. 2017) (allegedly defective

roofing work).

Likewise, in this case, the complaint in the Underlying

Action (the "Underlying Complaint"), ECF No. 26-2, contains no

allegations of "personal injury" or "property damage," as those

terms are defined in the Policy. While the Underlying Complaint

alleges facts involving property damage – namely, that the

plaintiffs' apartment was damaged by the sprinkler failure - the

Underlying Complaint does not seek to hold the plaintiffs liable

for that, or any, property damage. Rather, the Underlying

Complaint sounds exclusively in unjust enrichment: Zale alleges

that the plaintiffs are liable for the cost of the additional

labor and materials that were needed to complete the renovation

after the sprinkler failure. Accordingly, there are no

allegations of personal injury or property damage in the

Underlying Complaint, and the Underlying Action is not covered

under the terms of the Policy.

The plaintiffs argue that the cases relied upon by the

defendant are inapposite because they involve commercial general

liability policies rather than homeowner policies like the

Policy at issue here. But this is a distinction without a

difference. In Mid-Hudson Castle and J.W. Mays, the New York

Supreme Court, Appellate Division concluded that policy terms

similar to those at issue here did not provide coverage for claims of breach of contract or unjust enrichment. The plaintiffs do not explain why those cases are not instructive in this context.

The plaintiffs also argue that the Underlying Action triggers coverage because the Policy covers "additions and alterations" to the premises. See ECF No. 29-13, at 6-7. But this language appears in the first-party Deluxe Condominium Coverage Part of the Policy. See Policy, at G-5. "[W]holly different interests are protected by first-party coverage and third-party coverage." Great N. Ins. Co. v. Mount Vernon Fire Ins. Co., 708 N.E.2d 167, 170 (N.Y. 1999). "'First-party coverage' pertains to loss or damage sustained by an insured to its property," while third-party coverage relates to defense and indemnification sought by insureds for claims made against them by third parties. Id.; see also Gap, Inc. v. Fireman's Fund Ins. Co., 782 N.Y.S.2d 242, 244-45 (App. Div. 2004). As the defendant notes, the complaint in this case only seeks third-party insurance benefits: namely, defense and indemnity for the Underlying Action. Accordingly, the Policy's first-party coverage, including the coverage for additions and alterations to the premises, has no applicability to the question of whether the Underlying Action triggers coverage under the Policy.

Finally, the plaintiffs argue that they reasonably expected the Policy to cover "a lawsuit seeking reimbursement related to property damage sustained during alterations made to their Apartment" because the Policy covers, among other things, alterations to the plaintiffs' apartment and liability for property damage. ECF No. 29-13, at 7. This argument fails because it is completely untethered from the text of the Policy. The text of the Policy's third-party liability coverage – the only coverage potentially applicable to the Underlying Action and the only coverage sought by the plaintiffs in this case – provides no coverage for the allegations in the Underlying Complaint. Accordingly, no reasonable juror could find that the Policy provides coverage for the Underlying Action.

**B.**

In addition, at least one exclusion applies to bar coverage. The Policy's "Damages to covered person's property" exclusion provides: "We do not cover any person for property damage to property owned by any covered person." Policy, at T-13. The plaintiffs are covered persons under the Policy. See id. at T-1. New York courts have held that similar "owned property" exclusions are valid and unambiguous. See, e.g., Castle Vill. Owners Corp. v. Greater N.Y. Mut. Ins. Co., 878 N.Y.S.2d 311, 316-17 (App. Div. 2009); Gap, 782 N.Y.S.2d at 244-45.

As a result of the covered person's property exclusion, the Policy's New York Personal Liability Coverage Part only covers damage to property that does not belong to a covered person. See id. at 244 ("The principal distinction between liability and property insurance is that liability insurance covers one's liability to others for bodily injury or property damage, while property insurance covers damage to one's own property."). In the Underlying Action, Zale seeks compensation for additional work performed as a result of damage to the plaintiffs' apartment caused by the sprinkler failure.[5] In other words, to the extent the Underlying Action alleges property damage, it alleges damage to property owned by covered persons. Accordingly, the covered person's property exclusion also bars coverage under the Policy.[6]

In sum, the Policy does not cover the Underlying Action and the defendant does not owe the plaintiffs a duty to defend or indemnify them. The insuring agreement does not cover the

---

[5] See, e.g., Underlying Complaint ¶ 6 ("[T]he water tight integrity of the sprinkler system located in the APARTMENT failed causing extensive damage to portions of the APARTMENT, to wit: extensive damage to the newly installed flooring, subflooring, insulation, and window frames.").

[6] The plaintiffs argue that the covered person's property exclusion renders the Policy ambiguous because the first-party Deluxe Condominium Coverage Part of the Policy covers additions and alterations to the premises. ECF No. 29-13, at 9. As explained above, the first-party coverage part has no application to this case. Only the New York Personal Liability Coverage Part of the Policy is at issue in this case, and the covered person's property exclusion applies to that part of the Policy. Accordingly, there is no conflict between the covered person's property exclusion and the Policy's first-party coverage, and the covered person's property exclusion does not render the Policy ambiguous.

11

Underlying Action and, in addition, the covered person's property exclusion applies to bar coverage. The Court need not consider whether the other two exclusions urged by the defendant also apply to the Underlying Action.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion for summary judgment is **granted** and the plaintiffs' cross-motion for summary judgment is **denied**. The Clerk is directed to enter judgment dismissing this case. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         July 5, 2022

_____
          John G. Koeltl
United States District Judge

12